# EXHIBIT C

# GREG MUTTITT

BY EMAIL

Bushnell's Cottage
2 Main Street
Forest Hill
Oxfordshire OX33 1DZ
United Kingdom.

Tel. UK: +44 7970 589 611
Fax: +44 207 657 3173

greg.muttitt@googlemail.com

December 21, 2009

Dear Sir/Madam,

**FOIA appeal 2009-09199**

I am writing in respect of <u>expedited</u> request 2009-09199, which I submitted to the US State Department on 11/11/09. This request remains outstanding, despite being submitted 26 working days ago.

Under the terms of the Freedom of Information Act, 5 U.S.C. § 552(a)(6), I hereby formally appeal the State Department's constructive denial of my FOIA request and its constructive denial of my request for expedited processing, as evidenced by its failure to provide a substantive response within the statutorily-mandated time frame.

The Freedom of Information Act, 5 U.S.C. § 552(a)(6)(A)(i), specifies that agencies must give a determination of whether they will provide the information within 20 working days of a request, while 5 U.S.C. § 552(a)(6)(E)(ii)(I) states that agencies must determine whether to grant expedited processing within 10 working days. The requirement to adhere to these deadlines is reaffirmed in 22 *C.F.R.* § 171.12 .

It should be noted that the State Department has not given written notice of a need for extension, nor indicated the existence of any "unusual circumstances" (5 U.S.C.(a)(6)(B)).

A chronology of correspondence for the case is set out below; please also refer to the full request, included.

**Expedited request: Vice President Iraq visits**

11/11/09: Request submitted by fax
11/11/09: I send an email asking for confirmation of receipt, to which the requester center responds
04/12/09: My assistant, Sophie Roumat, telephones seeking an estimated date of completion. She is told that a target date cannot be given but that the task should take 'a couple more weeks at the most'
12/12/09: Ms. Roumat telephones again inquiring about the status of the request. She is told that the search has just commenced

I trust that we will receive a response to this appeal within the statutory 20 day deadline. I regret that I will be initiating court action should you fail to do so.

Sincerely,

Greg Muttitt.

# GREG MUTTITT

BY EMAIL

Bushnell's Cottage
2 Main Street
Forest Hill
Oxfordshire OX33 1DZ
United Kingdom.

Tel. UK: +44 7970 589 611
Fax: +44 207 657 3173

greg.muttitt@googlemail.com

November 23, 2009

Dear Sir/Madam,

**FOIA appeal: 2009-05202**

I am writing in respect of <u>expedited</u> request 200905202, which I submitted to the US State Department on 06/19/09. This request remains outstanding, despite being submitted 107 working days ago. In addition, my appeal against denial of expedited processing has still not been decided, despite being submitted 68 working days ago.

Under the terms of the Freedom of Information Act, 5 U.S.C. § 552(a)(6), I hereby formally appeal the State Department's constructive denial of my FOIA request, as evidenced by its failure to provide a substantive response within the statutorily-mandated time frame.

The Freedom of Information Act, 5 U.S.C. § 552(a)(6)(A)(i), specifies that agencies must give a determination of whether they will provide the information within 20 working days of a request. The requirement to adhere to this deadline is reaffirmed in State Department Regulations 22 *C.F.R.* § 171.12.
5 U.S.C. § 552(a)(6)(E)(ii)(II) states that appeals against denials of expedited processing must also be handled expeditiously. Regulation 22 *C.F.R.* § 171.50 states that such appeals must be determined within 10 days.

It should be noted that the State Department has not given written notice of a need for extension, nor indicated the existence of any "unusual circumstances" (5 U.S.C.(a)(6)(B)).

A chronology of correspondence for the case is set out below; please refer to the full request, attached, and other relevant correspondence.

**Expedited request 200905202 : Iraqi oil law**

06/19/09: Request submitted by fax
07/31/09: Patrick Scholl acknowledges receipt and denies request for expedited processing
08/15/09: Appeal submitted against denial of expedited handling
08/17/09: Candace acknowledges receipt of appeal and says that she has passed it onto the Requester Communications Branch, who should respond soon.
09/03/09: Email from Charlotte W. Duckett, following telephone call asking about status – states

that Requester Communications should respond soon
09/30/09: Telephoned Rosemary, who agreed to check status and get back to me. She does not.
10/07/09: Telephoned Rosemary, who again agrees to check status and get back to me. She does not.
11/06/09: Status inquiry sent by email by my assistant, Ms. Roumat. Still awaiting response.

I trust that we will receive a response to this appeal within the statutory 20 day deadline. I regret that I will be initiating court action should you fail to do so.

Sincerely,

Greg Muttitt.

# GREG MUTTITT

BY EMAIL

Bushnell's Cottage<br>
2 Main Street<br>
Forest Hill<br>
Oxfordshire OX33 1DZ<br>
United Kingdom.<br><br>
Tel. UK: +44 7970 589 611<br>
Fax:     +44 207 657 3173<br><br>
greg.muttitt@googlemail.com<br><br>
November 20, 2009

Dear Sir/Madam,

**FOIA appeal 2009-03039**

I am writing in respect of expedited request 2009-03039, which I submitted to the US State Department on 04/13/09. This request remains outstanding, despite being submitted 152 working days ago.

Under the terms of the Freedom of Information Act, 5 U.S.C. § 552(a)(6), I hereby formally appeal the State Department's constructive denial of my FOIA request and its constructive denial of my request for expedited processing, as evidenced by its failure to provide a substantive response within the statutorily-mandated time frame.

The Freedom of Information Act, 5 U.S.C. § 552(a)(6)(A)(i), specifies that agencies must give a determination of whether they will provide the information within 20 working days of a request, while 5 U.S.C. § 552(a)(6)(E)(ii)(I) states that agencies must determine whether to grant expedited processing within 10 working days. The requirement to adhere to these deadlines is reaffirmed in 22 C.F.R. § 171.12.

Please note that I sent my request for expedited handling only after I realised the un-expedited request would take considerable time. (22 C.F.R. § 171.12(b) provides that "A request for expedited processing may be made at the time of the initial request for records or at any later time" [emphasis added]). I sent it to Ms. Tucker, my case officer, with a note asking her to let me know if she was the wrong person to send it to. An automated receipt told me she had read my request for expedited handling, but she never replied.

It should be further noted that the State Department has not given written notice of a need for an extension, nor indicated the existence of any "unusual circumstances" (5 U.S.C.(a)(6)(B)).

A chronology of correspondence for the case is set out below; please refer to the full request and other relevant correspondence, enclosed.

**Expedited request 2009-03039: Iraq oil contracts advice**

04/13/09: Request sent by fax. Request for an estimated date of response included in that letter.
04/22/09: Telephone call to Rosemary – can't give any estimate of time required, but likely to be 6-12 months
06/10/09: Email sent to me by Susie Tucker, asking me to provide my physical address again (she did not say why she needed it – it was in my original letter)
06/10/09: Address emailed to Ms. Tucker
06/12/09: Application for expedited processing, sent by email to Ms. Tucker
07/06/09: Automated 'Read' receipt received from Ms.Tucker, but no actual response
11/05/09: Status request sent by email by my assistant, Sophie Roumat. Still awaiting response.

I trust that we will receive a response to this appeal within the statutory 20 day deadline. I regret that I will be initiating court action should you fail to do so.

Sincerely,

Greg Muttitt.