UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREG MUTTITT, | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * |
| | *   Civil Action No. 1:10-cv-00202 (EGS) |
| UNITED STATES CENTRAL | * |
| COMMAND, *et al.*, | * |
| | * |
| Defendants. | * |
| | * |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## FIRST AMENDED COMPLAINT

Plaintiff Greg Muttitt brings this action against Defendants United States Central Command, Department of Defense, Department of State, and Department of the Treasury pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, *as amended*, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendants pursuant to 5 U.S.C. §§ 552(a)(4)(B), 702 and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. §§ 552(a)(4)(B), 703 and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Greg Muttitt ("Muttitt") is a United Kingdom citizen residing in the United Kingdom. He is an author writing a book entitled *Fuel on the Fire* on the development of Iraqi oil policy, for which he has a publication agreement with the Random House Group Limited. He is a representative of the news media as that term is defined by FOIA.

4.     Defendant United States Central Command ("CENTCOM") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Muttitt which are the subject of this action.

5.     Defendant Department of Defense ("DOD") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Muttitt which are the subject of this action.

6.     Defendant Department of State ("DOS") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Muttitt which are the subject of this action.

7.     Defendant Department of the Treasury ("DOT") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Muttitt which are the subject of this action.

## FIRST CAUSE OF ACTION

## (CENTCOM/DOD – FOIA – DENIAL – 09-F-0128)

8.     On 15 April 2009, Muttitt submitted to CENTCOM a FOIA request for "the minutes, preparatory notes, agenda and other substantive supporting documents relating to the meeting of Admiral William J. Fallon (then Commander of US Central Command) with Nouri al-Maliki (Prime Minister of Iraq), on Sunday 10 June 2007." The request sought news media status and a public interest fee waiver.

9.     On 21 April 2009, CENTCOM acknowledged receipt of Muttitt's request and assigned it Request No. 09-F-0128. CENTCOM granted Muttitt's request for news media status and denied Muttitt's request for a public interest fee waiver.

10.    On 3 December 2009, having received no records yet, Muttitt submitted an appeal to DOD of the constructive denial of his request. On 9 December 2009, DOD denied Muttitt's appeal by remanding the request to CENTCOM.

11.    Muttitt has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by CENTCOM or DOD of said right.

## SECOND CAUSE OF ACTION

### (CENTCOM/DOD – FOIA – EXPEDITED PROCESSING DENIAL – 09-F-0174)

12. On 3 July 2009, Muttitt submitted to CENTCOM a FOIA request for "releasable documents relating to any military operations – by US, UK or Iraqi armed forces – in response to, or in relation to, industrial action by Iraqi oil pipeline workers, in June 2007, near Basra." The request sought news media status, a public interest fee waiver, and expedited processing.

13. On 11 August 2009, CENTCOM acknowledged receipt of Muttitt's request and assigned it Request No. 09-F-0174. CENTCOM granted Muttitt's request for news media status and denied Muttitt's request for expedited processing.

14. On 15 August 2009, Muttitt submitted an appeal to DOD of the denial of his request for expedited processing. On 16 November 2009, CENTCOM denied Muttitt's appeal.

15. Muttitt adequately demonstrated a compelling need for expedited processing in his request, and there is no legal basis for CENTCOM or DOD's denial of his request for expedited processing.

## THIRD CAUSE OF ACTION

### (CENTCOM/DOD – FOIA – DENIAL – 09-F-0174)

16. Plaintiff repeats and realleges the allegation contained in paragraphs 12 and 13 above.

17. On 3 December 2009, having received no records yet, Muttitt submitted an appeal to DOD of the constructive denial of his request. On 9 December 2009, DOD denied Muttitt's appeal by remanding the request to CENTCOM.

18. Muttitt has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by CENTCOM or DOD of said right.

## FOURTH CAUSE OF ACTION

### (DOD – FOIA – CONSTRUCTIVE NEWS MEDIA DENIAL – 09-F-1571)

19. On 13 August 2009, Muttitt submitted to DOD a FOIA request for "advice by U.S. and U.K. oil companies on the Iraqi oil sector, dated between August 1, 2002, and April 1,

2003." The request sought news media status, a public interest fee waiver, and expedited processing.

20. On 27 August 2009, DOD acknowledged receipt of Muttitt's request and assigned it Request No. 09-F-1571. DOD did not respond to Muttitt's requests for news media status or a public interest fee waiver. DOD denied Muttitt's request for expedited processing.

21. As twenty working days have elapsed without a substantive determination by DOD regarding Muttitt's request for news media status, Muttitt has constructively exhausted all required administrative remedies.

22. Muttitt adequately demonstrated his eligibility for news media status in his request, and there is no legal basis for DOD's constructive denial of his request for news media status.

## FIFTH CAUSE OF ACTION

### (DOD – FOIA – CONSTRUCTIVE FEE WAIVER DENIAL – 09-F-1571)

23. Plaintiff repeats and realleges the allegation contained in paragraphs 19 and 20 above.

24. As twenty working days have elapsed without a substantive determination by DOD regarding Muttitt's request for a public interest fee waiver, Muttitt has constructively exhausted all required administrative remedies.

25. Muttitt adequately demonstrated his eligibility for a public interest fee waiver in his request, and there is no legal basis for DOD's constructive denial of his request for a public interest fee waiver.

## SIXTH CAUSE OF ACTION

### (DOD – FOIA – EXPEDITED PROCESSING DENIAL – 09-F-1571)

26. Plaintiff repeats and realleges the allegation contained in paragraphs 19 and 20 above.

27. On 14 September 2009, Muttitt submitted an appeal to DOD of the denial of his request for expedited processing. On 16 November 2009, DOD denied Muttitt's appeal.

28.     Muttitt adequately demonstrated a compelling need for expedited processing in his request, and there is no legal basis for DOD's denial of his request for expedited processing.

## SEVENTH CAUSE OF ACTION

## (DOD – FOIA – DENIAL – 09-F-1571)

29.     Plaintiff repeats and realleges the allegation contained in paragraphs 19 and 20 above.

30.     On 3 December 2009, having received no records yet, Muttitt submitted an appeal to DOD of the constructive denial of his request.  On 9 December 2009, DOD denied Muttitt's appeal by remanding the request to the Office of Freedom of Information.

31.     Muttitt has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOD of said right.

## EIGHTH CAUSE OF ACTION

## (DOD – FOIA – DENIAL – 09-F-1215)

32.     On 14 June 2009, Muttitt submitted to DOD a FOIA request for "records relating to the work of Mr. Philip J Carroll, as (Senior) Oil Adviser to the (Iraq) Office of Reconstruction and Humanitarian Affairs (ORHA), and subsequently to the Coalition Provisional Authority (CPA), posts he held from January to September 2003."  The request sought news media status, a public interest fee waiver, and expedited processing.

33.     On 23 June 2009, DOD acknowledged receipt of Muttitt's request and assigned it Request No. 09-F-1215.  DOD granted Muttitt's request for news media status and denied Muttitt's requests for a public interest fee waiver and expedited processing.

34.     On 23 November 2009, having received no records yet, Muttitt submitted an appeal to DOD of the constructive denial of his request.  On 27 November 2009, DOD denied Muttitt's appeal by remanding the request to the Office of Freedom of Information.

35.     Muttitt has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOD of said right.

## NINTH CAUSE OF ACTION

### (DOD – FOIA – DENIAL – 10-F-0234)

36. On 10 November 2009, Muttitt submitted to DOD a FOIA request for "briefings on future Iraqi energy policy, drafted/authored by the Energy Infrastructure Planning Group (EIPG), submitted to the Deputies Committee of the National Security Council, and dated between October 1, 2002, and February 1, 2003." The request sought news media status, a public interest fee waiver, and expedited processing.

37. On 17 November 2009, DOD acknowledged receipt of Muttitt's request and assigned it Request No. 10-F-0234. DOD did not respond to Muttitt's request for a public interest fee waiver. DOD granted Muttitt's request for news media status and denied Muttitt's request for expedited processing.

38. On 14 December 2009, having received no records yet, Muttitt submitted an appeal to DOD of the constructive denial of his request. On 23 December 2009, DOD denied Muttitt's appeal by remanding the request to the Office of Freedom of Information.

39. Muttitt has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOD of said right.

## TENTH CAUSE OF ACTION

### (DOD – FOIA – DENIAL – 09-F-0826)

40. On 13 April 2009, Muttitt submitted to DOD a FOIA request for "records relating to the work of Mr. Robert (Rob) E. McKee, as Oil Adviser to the Iraq Coalition Provisional Authority, a post he held from October 2003 to March 2004." The request sought news media status and a public interest fee waiver.

41. On 2 June 2009, DOD acknowledged receipt of Muttitt's request and assigned it Request No. 09-F-0826. DOD did not respond to Muttitt's request for a public interest fee waiver. DOD granted Muttitt's request for news media status.

42. On 20 November 2009, having received no records yet, Muttitt submitted an appeal to DOD of the constructive denial of his request. On 27 November 2009, DOD denied Muttitt's appeal by remanding the request to the Office of Freedom of Information.

43. Muttitt has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOD of said right.

## ELEVENTH CAUSE OF ACTION
## (DOD – FOIA – DENIAL – 10-F-0263)

44. On 17 November 2009, Muttitt submitted to DOD a FOIA request for "documents, prepared by Robert (Rob) McKee or Michael (Mike) Stinson, Senior Oil Advisers to the Coalition Provisional Authority, on proposals for the future structure of the Iraqi oil industry, dated between January 1 and June 30, 2004." The request sought news media status, a public interest fee waiver, and expedited processing.

45. On 24 November 2009, DOD acknowledged receipt of Muttitt's request and assigned it Request No. 10-F-0263. DOD did not respond to Muttitt's request for a public interest fee waiver. DOD granted Muttitt's request for news media status and denied Muttitt's request for expedited processing.

46. On 31 December 2009, having received no records yet, Muttitt submitted an appeal to DOD of the constructive denial of his request. On 15 January 2010, DOD denied Muttitt's appeal by remanding the request to the Office of Freedom of Information.

47. Muttitt has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOD of said right.

## TWELFTH CAUSE OF ACTION
## (DOS – FOIA – EXPEDITED PROCESSING DENIAL – 200909199)

48. On 11 November 2009, Muttitt submitted to DOS a FOIA request for "documents on the subject of the Iraqi oil and gas (hydrocarbons) sector, relating to Vice President Biden's visits to Iraq on July 2-4 and September 15-16, 2009." The request sought news media status, a public interest fee waiver, and expedited processing.

49. On 17 November 2009, DOS acknowledged receipt of Muttitt's request and assigned it Request No. 200909199. DOS granted Muttitt's request for news media status and denied Muttitt's requests for a public interest fee waiver and expedited processing.

50. On 21 December 2009, Muttitt submitted an appeal to DOS of the denial of his request for expedited processing. On 23 December 2009, DOS denied Muttitt's appeal.

51. Muttitt adequately demonstrated a compelling need for expedited processing in his request, and there is no legal basis for DOS' denial of his request for expedited processing.

### THIRTEENTH CAUSE OF ACTION

### (DOS – FOIA – CONSTRUCTIVE DENIAL – 200909199)

52. Plaintiff repeats and realleges the allegation contained in paragraphs 48 and 49 above.

53. On 21 December 2009, having received no records yet, Muttitt submitted an appeal to DOS of the constructive denial of his request.

54. As twenty working days have elapsed without a substantive determination by DOS, Muttitt has constructively exhausted all required administrative remedies.

55. Muttitt has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOS of said right.

### FOURTEENTH CAUSE OF ACTION

### (DOS – FOIA – CONSTRUCTIVE EXPEDITED PROCESSING DENIAL – 200907495)

56. On 23 July 2009, Muttitt submitted to DOS a FOIA request for "all cable traffic to and from the U.S. Embassy in Baghdad, dated between February 6 and February 28, 2007, on the subject of the Iraq oil law." The request sought news media status, a public interest fee waiver, and expedited processing.

57. On 28 October 2009, DOS acknowledged receipt of Muttitt's request and assigned it Request No. 200907495. DOS granted Muttitt's request for news media status and denied Muttitt's requests for a public interest fee waiver and expedited processing.

58.     On 20 November 2009, Muttitt submitted an appeal to DOS of the denial of his request for expedited processing.

59.     As twenty working days have elapsed without a substantive determination by DOS regarding Muttitt's request for expedited processing, Muttitt has constructively exhausted all required administrative remedies.

60.     Muttitt adequately demonstrated a compelling need for expedited processing in his request, and there is no legal basis for DOS' denial of his request for expedited processing.

## FIFTEENTH CAUSE OF ACTION

## (DOS – FOIA – CONSTRUCTIVE DENIAL – 200907495)

61.     Plaintiff repeats and realleges the allegation contained in paragraphs 56 and 57 above.

62.     On 20 November 2009, having received no records yet, Muttitt submitted an appeal to DOS of the constructive denial of his request.  On 24 November 2009, DOS informed him that it would not accept his appeal because "the Department has not denied your FOIA request."

63.     As twenty working days have elapsed without a substantive determination by DOS, Muttitt has constructively exhausted all required administrative remedies.

64.     Muttitt has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOS of said right.

## SIXTEENTH CAUSE OF ACTION

## (DOS – FOIA – EXPEDITED PROCESSING DENIAL – 200908517)

65.     On 4 October 2009, Muttitt submitted to DOS a FOIA request for "all releasable documents relating to the work of Meghan O'Sullivan in Iraq, between June 1, 2007 and October 1, 2007."  The request sought news media status, a public interest fee waiver, and expedited processing.

66. On 9 October 2009, DOS acknowledged receipt of Muttitt's request and assigned it Request No. 200908517. DOS granted Muttitt's request for news media status and denied Muttitt's requests for a public interest fee waiver and expedited processing.

67. On 20 November 2009, Muttitt submitted an appeal to DOS of the denial of his request for expedited processing. On 2 December 2009, DOS denied Muttitt's appeal.

68. Muttitt adequately demonstrated a compelling need for expedited processing in his request, and there is no legal basis for DOS' denial of his request for expedited processing.

## SEVENTEENTH CAUSE OF ACTION

## (DOS – FOIA – CONSTRUCTIVE DENIAL – 200908517)

69. Plaintiff repeats and realleges the allegation contained in paragraphs 65 and 66 above.

70. On 20 November 2009, having received no records yet, Muttitt submitted an appeal to DOS of the constructive denial of his request.

71. As twenty working days have elapsed without a substantive determination by DOS, Muttitt has constructively exhausted all required administrative remedies.

72. Muttitt has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOS of said right.

## EIGHTEENTH CAUSE OF ACTION

## (DOS – FOIA – FEE WAIVER DENIAL – 200905202)

73. On 19 June 2009, Muttitt submitted to DOS a FOIA request for "all cable traffic to and from the US Embassy in Baghdad, dated between 20 May 2006 and 15 June 2006, on the subject of the Iraq oil law." The request sought news media status, a public interest fee waiver, and expedited processing.

74. On 7 July 2009, DOS acknowledged receipt of Muttitt's request and assigned it Request No. 200905202. DOS granted Muttitt's request for news media status and denied Muttitt's requests for a public interest fee waiver and expedited processing.

75. On 15 August 2009, Muttitt submitted an appeal to DOS of the denial of his request for a public interest fee waiver. On 28 October 2009, DOS denied Muttitt's appeal.

76. Muttitt adequately demonstrated his eligibility for a public interest fee waiver in his request, and there is no legal basis for DOS's constructive denial of his request for a public interest fee waiver.

### NINETEENTH CAUSE OF ACTION

### (DOS – FOIA – EXPEDITED PROCESSING DENIAL – 200905202)

77. Plaintiff repeats and realleges the allegation contained in paragraphs 73 and 74 above.

78. On 15 August 2009, Muttitt submitted an appeal to DOS of the denial of his request for expedited processing. On 28 October 2009, DOS denied Muttitt's appeal.

79. Muttitt adequately demonstrated a compelling need for expedited processing in his request, and there is no legal basis for DOS' denial of his request for expedited processing.

### TWENTIETH CAUSE OF ACTION

### (DOS – FOIA – CONSTRUCTIVE DENIAL – 200905202)

80. Plaintiff repeats and realleges the allegation contained in paragraphs 73 and 74 above.

81. On 23 November 2009, having received no records yet, Muttitt submitted an appeal to DOS of the constructive denial of his request.

82. As twenty working days have elapsed without a substantive determination by DOS, Muttitt has constructively exhausted all required administrative remedies.

83. Muttitt has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOS of said right.

### TWENTY-FIRST CAUSE OF ACTION

### (DOS – FOIA – CONSTRUCTIVE DENIAL – 200903039)

84. On 13 April 2009, Muttitt submitted to DOS a FOIA request for "documents relating to advice by U.S. officials to the Iraq Ministry of Oil, on the subject of contracts with

international oil companies, between September 1, 2007, and December 31, 2008." The request sought news media status and a public interest fee waiver. On 12 June 2009, Muttitt requested expedited processing for this request.

85. On 7 July 2009, DOS acknowledged receipt of Muttitt's request and assigned it Request No. 200903039. DOS granted Muttitt's request for news media status and denied Muttitt's requests for a public interest fee waiver and expedited processing.

86. On 20 November 2009, having received no records yet, Muttitt submitted an appeal to DOS of the constructive denial of his request. On 24 November 2009, DOS informed him that it would not accept his appeal because "since [the Statutory Compliance and Research Division] is continuing the search for responsive records, this does not constitute a denial of your request."

87. As twenty working days have elapsed without a substantive determination by DOS, Muttitt has constructively exhausted all required administrative remedies.

88. Muttitt has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOS of said right.

## TWENTY-SECOND CAUSE OF ACTION
## (DOT – FOIA – CONSTRUCTIVE NEWS MEDIA DENIAL – 2009-08-058)

89. On 15 August 2009, Muttitt submitted to DOT a FOIA request for "all releasable documents (and portions thereof), on the subject of oil and gas, and related to the Preparatory Meeting of the International Compact for Iraq, which took place in Abu Dhabi, on September 10, 2006." The request sought news media status and a public interest fee waiver.

90. On 2 September 2009, DOT acknowledged receipt of Muttitt's request and assigned it Request No. 2009-08-058. DOT did not respond to Muttitt's requests for news media status or a public interest fee waiver.

91. As twenty working days have elapsed without a substantive determination by DOT regarding Muttitt's request for news media status, Muttitt has constructively exhausted all required administrative remedies.

92. Muttitt adequately demonstrated his eligibility for news media status in his request, and there is no legal basis for DOT's constructive denial of his request for news media status.

## TWENTY-THIRD CAUSE OF ACTION

### (DOT – FOIA – CONSTRUCTIVE FEE WAIVER DENIAL – 2009-08-058)

93. Plaintiff repeats and realleges the allegation contained in paragraphs 89 and 90 above.

94. As twenty working days have elapsed without a substantive determination by DOT regarding Muttitt's request for a public interest fee waiver, Muttitt has constructively exhausted all required administrative remedies.

95. Muttitt adequately demonstrated his eligibility for a public interest fee waiver in his request, and there is no legal basis for DOT's constructive denial of his request for a public interest fee waiver.

## TWENTY-FOURTH CAUSE OF ACTION

### (DOT – FOIA – CONSTRUCTIVE DENIAL – 2009-08-058)

96. Plaintiff repeats and realleges the allegation contained in paragraphs 89 and 90 above.

97. On 23 November 2009, having received no records yet, Muttitt submitted an appeal to DOT of the constructive denial of his request. On 30 November 2009, DOT informed him that it would not accept his appeal because "no determination has been rendered by the Department."

98. As twenty working days have elapsed without a substantive determination by DOT, Muttitt has constructively exhausted all required administrative remedies.

99. Muttitt has a legal right under the FOIA to obtain the information he seeks, and there is no legal basis for the denial by DOT of said right.

## TWENTY-FIFTH CAUSE OF ACTION

## (DOS – APA/FOIA – FAILURE TO COMPLY WITH 5 U.S.C. § 552(a)(7)(B))

100. On 5 November 2009 and 6 November 2009, Muttitt specifically requested an estimated date on which the agency will complete action on the request from DOS with respect to FOIA Request Nos. 200909199, 200907495, 200908517, 200905202, and 200903039. Each request included a specific invocation of 5 U.S.C. 552(a)(7)(B)(ii).

101. In each instance, DOS responded to Muttitt that it "cannot give a definitive timeframe for the processing of a request."

102. Pursuant to 5 U.S.C. § 552(a)(7)(B), "Each agency shall . . . establish a phone line or Internet service that provides information about the status of a request to the person making the request . . . , including . . . an estimated date on which the agency will complete action on the request."

103. By refusing to provide an estimated date of completion to Muttitt when he specifically invoked this FOIA provision, DOS acted in clear violation of FOIA. This action was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

104. Alternatively, if DOS' FOIA regulations, guidelines, or policy statements authorize this practice, then these regulations, guidelines, or policy statements constitute an unreasonable interpretation of the statutory obligations imposed by the FOIA.

105. Because of DOS' violation of FOIA, Muttitt has been forced to litigate to receive the requested records in a timely fashion. Had DOS provided him with the estimated dates of completion he requested, he may have decided not to bring suit on one or more Causes of Action listed herein because he would have known for certain how long the FOIA process was expected to take.

## TWENTY-SIXTH CAUSE OF ACTION

## (DOT – APA/FOIA – FAILURE TO COMPLY WITH 5 U.S.C. § 552(a)(7)(B))

106. On 6 November 2009, Muttitt specifically requested an estimated date on which the agency will complete action on the request from DOT with respect to FOIA Request No. 2009-08-058. The request included a specific invocation of 5 U.S.C. 552(a)(7)(B)(ii).

107. DOT did not respond to Muttitt's request.

108. Pursuant to 5 U.S.C. § 552(a)(7)(B), "Each agency shall . . . establish a phone line or Internet service that provides information about the status of a request to the person making the request . . . , including . . . an estimated date on which the agency will complete action on the request."

109. By refusing to provide an estimated date of completion to Muttitt when he specifically invoked this FOIA provision, DOT acted in clear violation of FOIA. This action was arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

110. Alternatively, if DOT's FOIA regulations, guidelines, or policy statements authorize this practice, then these regulations, guidelines, or policy statements constitute an unreasonable interpretation of the statutory obligations imposed by the FOIA.

111. Because of DOT's violation of FOIA, Muttitt has been forced to litigate to receive the requested records in a timely fashion. Had DOS provided him with the estimated dates of completion he requested, he may have decided not to bring suit on one or more Causes of Action listed herein because he would have known for certain how long the FOIA process was expected to take.

WHEREFORE, plaintiff Greg Muttitt prays that this Court:

(1) Order the United States Central Command, Department of Defense, Department of State, and Department of the Treasury to disclose the requested records in their entireties and make copies promptly available to him;

(2) Declare and find that CENTCOM, DOD, and DOS improperly denied Muttitt expedited processing of his requests;

  (3) Order CENTCOM, DOD, and DOS to process Muttitt's requests in an expedited fashion;

  (4) Declare and find that DOD and DOT improperly denied Muttitt news media status;

  (5) Order DOD and DOT to categorize Muttitt as a representative of the news media;

  (6) Declare and find that DOD, DOS, and DOT improperly denied Muttitt public interest fee waivers;

  (7) Order DOD and DOT to grant Muttitt public interest fee waivers where appropriate;

  (8) Declare and find that DOS and DOT violated the Administrative Procedure Act and/or the FOIA by refusing to provide Muttitt with estimated dates of completion of his FOIA requests upon request in violation of FOIA, and that this violation was intentional and/or willful;

  (9) Declare and find that any DOS or DOT regulations, guidelines, or policy statements that authorize the refusal to provide a requester with an estimated date of completion of a FOIA request constitutes an unreasonable interpretation of the statutory obligations imposed by the FOIA;

  (10) Order DOS and DOT to provide estimated dates of completion upon request in its future processing of FOIA requests and to amend its regulations, guidelines, and policy statements accordingly;

  (11) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

  (12) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

  (13) Grant such other relief as the Court may deem just and proper.

Date:   May 3, 2010

                                            Respectfully submitted,

                                            ____/s/_____  
                                            Kelly B. McClanahan, Esq.  
                                            DC Bar #984704  
                                            National Security Counselors  
                                            1200 South Courthouse Road  
                                            Suite 124  
                                            Arlington, VA  22204  
                                            301-728-5908  
                                            240-681-2189 fax  
                                            Kel@NationalSecurityLaw.org

                                            Attorney for Plaintiff