UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREG MUTTITT,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES CENTRAL COMMAND,<br>*et al.*,<br>    Defendants. | Civil Action No. 10-00202 (BAH) |

## MEMORANDUM OPINION

During 2009, plaintiff Greg Muttitt requested documents pursuant to the Freedom of Information Act ("FOIA") from four government agencies for a book he was writing about Iraqi oil policy. The plaintiff brought this lawsuit in February 2010 alleging that the agencies – the Department of Defense, U.S. Central Command, the Department of State, and the Department of the Treasury – had failed to comply with his FOIA requests.

While the Department of Defense and U.S. Central Command have been dismissed from this case, the two remaining defendants – the Department of State and the Department of the Treasury – have moved to dismiss Counts 25 and 26 of the plaintiff's Amended Complaint. These counts allege that the Department of State and the Department of the Treasury violated FOIA by failing to provide the plaintiff with time estimates of how long it would to take for them to complete processing his FOIA requests. The agencies have moved to dismiss Counts 25 and 26 on the grounds that the plaintiff improperly asserted them under the Administrative Procedure Act and that the plaintiff has, in any event, failed to state a claim for relief for these particular claims. For the reasons explained below, the agencies' motion to dismiss is granted in part and denied in part.

I.     **BACKGROUND**

Plaintiff Greg Muttitt is an author who wrote a book on the development of Iraqi oil policy entitled *Fuel on Fire: Oil and Politics in Occupied Iraq*, which was published in April 2011. Am. Compl. ¶ 3; Mem. in Supp. of Defs.' Mot. for Summ. J. at 2. While conducting research for this book, the plaintiff submitted FOIA requests to the Department of Defense, U.S. Central Command, the Department of State, and the Department of the Treasury seeking information about Iraq's oil industry.[1] As relevant here, between April and November 2009, the plaintiff submitted five FOIA requests to the Department of State ("State") related to the development of the oil and gas industry in Iraq. Am. Compl. ¶¶ 48, 56, 65, 73, 84. The plaintiff also submitted one FOIA request on the same topic to the Department of the Treasury ("Treasury") on August 15, 2009, seeking documents regarding oil and gas, as well as documents related to the Preparatory Meeting of the International Compact for Iraq, which took place in Abu Dhabi on September 10, 2006. *Id.* ¶ 89. In connection with his requests, the plaintiff also sought a public interest fee waiver, news media status, and—for the State requests—expedited processing. *Id.*

State formally acknowledged each of the plaintiff's requests for documents, assigned each request a processing number, and granted plaintiff news media status, but the agency denied plaintiff's requests for expedited processing and a public interest fee waiver. *Id.* ¶¶ 49, 57, 66, 74, 85. Similarly, Treasury acknowledged receipt of plaintiff's FOIA request, as well as

---

[1] On December 15, 2010, the plaintiff voluntarily dismissed all claims in this action against defendants Department of Defense and U.S. Central Command. Notice of Voluntary Dismissal, ECF No. 29.

assigned the request a processing number.[2]  *Id.* ¶ 90.  Treasury did not respond to Muttitt's requests for news media status or a public interest fee waiver.  *Id.*

Despite acknowledging his requests, neither agency released any documents to the plaintiff.  *Id.* ¶¶ 100, 106.

In early November 2009, shortly after the filing of his last FOIA request to State, the plaintiff submitted inquiries to both Treasury and State seeking the tentative release dates for his requested documents.  *Id*.  State informed the plaintiff that it could not "give a definitive timeframe for the processing of a request."  *Id.* ¶ 101.  Treasury failed to respond altogether to plaintiff's request for the release dates of his FOIA requests.  *Id.* ¶ 107.  As a result of the failure of the two agencies to respond with firm timeframes to the plaintiff's inquiry, the plaintiff submitted appeals for his pending FOIA requests to State and Treasury on the basis of constructive denial.  *Id.* ¶¶ 53, 62, 70, 81, 86, 97.  In response to two of plaintiff's requests, State informed the plaintiff that it would not accept the appeal because it had not yet denied plaintiff's requests.  *Id.* ¶¶ 62, 86.  State failed to respond to the other three appeals.  *Id.* ¶¶ 53, 70, 82.  Likewise, Treasury refused to accept plaintiff's appeal because "no determination had been rendered by the Department."  *Id.* ¶ 97.

On February 4, 2010, the plaintiff filed this lawsuit to compel the release of the requested documents and to challenge the agencies' procedures in processing his requests.  *See* Compl.  On May 3, 2010, after seeking leave from the Court, the plaintiff filed an Amended Complaint.  ECF No. 10.  In addition to seeking disclosure of the requested documents, the Amended Complaint seeks declaratory relief from the Court in response to the agencies' failure to provide the plaintiff with a timeframe for the production of the responsive records after the plaintiff requested an

---

[2] The plaintiff has also voluntarily dismissed the FOIA claims asserted against Treasury in Counts 22, 23, 24 of his First Amended Complaint.  Stipulation of Dismissal, ECF No. 30.

anticipated disclosure date. Am. Compl. at 15-16. The plaintiff contends that this failure violated a provision of FOIA, which provides, in pertinent part, that: "Each agency shall . . . establish a telephone line or Internet service that provides information about the status of a request to the person making the request using the assigned tracking number, including . . . an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii); *see also* Am. Compl. ¶¶ 102, 108. The plaintiff argues that if the agencies' regulations, guidelines, or policy statements authorized a practice of not responding to requests for an estimated completion date, then such regulations, guidelines, or policy statements constitute an unreasonable interpretation of the statutory obligations imposed by FOIA. *Id.* ¶¶ 104, 110. The plaintiff seeks judicial review of these allegations under both FOIA and the Administrative Procedure Act ("APA"). *Id.* at 16.

On June 1, 2010, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants State and Treasury filed a partial motion to dismiss plaintiff's APA claims, as well as any claims regarding the agencies' "unspecified 'regulations, guidelines, or policy statements.'"[3] Defs.' Partial Mot. to Dismiss Pl.'s First Am. Compl. at 1. The defendants argue that the plaintiff fails to state a claim for which relief may be granted under the APA because FOIA provides an adequate alternative remedy for the plaintiff's claims and the existence of an adequate alternative remedy precludes APA relief. Mem. in Supp. of Defs.' Partial Mot. to Dismiss ("Defs.' Mem.") at 2. Additionally, the defendants argue that the Court should dismiss any claims regarding unspecified "regulations, guidelines, or policy" statements because the plaintiff fails specifically to identify any "regulation, guidance, or policy statement causing him

---

[3] This case was assigned to the current presiding judge on January 21, 2011. The defendants answered the plaintiff's other allegations. The other claims against Treasury have been dismissed by stipulation and the other claims against State are currently the subject of a pending motion for summary ment.

harm," and thus fails to state a viable cause of action pursuant to Rule 12(b)(6) and this Court's pleading standards. *Id*. The defendants' partial motion to dismiss is now before the Court.

## II. STANDARD OF REVIEW

Congress enacted FOIA to promote transparency across the government. *See* 5 U.S.C. § 552; *Quick v. U.S. Dep't of Commerce, Nat'l Inst. of Standards & Tech.,* No. 09–02064, 2011 WL 1326928, at *3 (D.D.C. April 7, 2011) (citing *Stern v. FBI,* 737 F.2d 84, 88 (D.C. Cir. 1984). The Supreme Court has explained that FOIA is "a means for citizens to know 'what their Government is up to.' This phrase should not be dismissed as a convenient formalism. It defines a structural necessity in a real democracy." *Nat'l Archives & Records Admin. v. Favish,* 541 U.S. 157, 171-72 (2004) (internal citations omitted). "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1978). The strong interest in transparency must be tempered, however, by the "legitimate governmental and private interests [that] could be harmed by release of certain types of information." *United Techs. Corp. v. U.S. Dep't of Defense,* 601 F.3d 557, 559 (D.C.Cir. 2010); *see also Critical Mass Energy Project v. Nuclear Regulatory Comm'n,* 975 F.2d 871, 872 (D.C. Cir. 1992). Accordingly, Congress included nine exemptions permitting agencies to withhold information from FOIA disclosure. 5 U.S.C. § 552(b). "These exemptions are explicitly made exclusive, and must be narrowly construed." *Milner v. Dep't of the Navy,* 131 S.Ct. 1259, 1262 (2011) (internal quotations and citations omitted) (citing *FBI v. Abramson,* 456 U.S. 615, 630 (1982)); *see also Pub. Citizen, Inc. v. Office of Management and Budget,* 598 F.3d 865, 869 (D.C. Cir. 2010).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted) (citing *Twombly,* 550 U.S. at 557). Instead, the complaint must plead facts that are more than "merely consistent with" a defendant's liability; "the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949, 1940.

The Court must "assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.,* 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotations and citations omitted). When the Court reviews legal conclusions, however, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable." *In re Interbank Funding Corp. Sec. Litig.,* 629 F.3d 213, 218 (D.C.Cir. 2010) (quoting *Iqbal,* 129 S.Ct. at 1949).

### III.  DISCUSSION

The Court will begin by analyzing the defendants' argument that the plaintiff's APA claims should be dismissed because FOIA itself provides an adequate remedy. The Court will then turn to the defendants' arguments that the plaintiff has failed to state a claim for relief.

#### A. The FOIA Provides the Plaintiff with an Adequate Alternative Remedy to the Plaintiff's APA Claim.

Counts 25 and 26 of the Plaintiff's Amended Complaint allege that the Department of the Treasury and Department of State violated the APA by failing to provide the Plaintiff with the

estimated dates of completion for his FOIA requests. Am. Compl. ¶¶ 103, 109. Specifically, the plaintiff claims that the agencies' actions were "arbitrary, capricious, abuse[s] of discretion, or otherwise contrary to the law" because, pursuant to 5 U.S.C. § 552(a)(7)(B), each agency must "establish a telephone line or Internet services that provides . . . an estimated date on which the agency will complete action on the request." *Id.* ¶¶ 102, 103. 108, 109. In connection with these claims, the plaintiff has requested that the Court declare the defendants to have violated FOIA and to order them to cease such violations in the future. *Id.* at 16. The defendants have moved to dismiss the plaintiff's APA claims because the defendants assert that adequate remedies are available under FOIA. *See* Defs.' Mem. at 2. The Court agrees and will dismiss the plaintiff's APA claims.

The APA permits judicial review of "final agency action[s] for which there is no other adequate remedy in court." *See* 5 U.S.C. § 704. The Supreme Court has held that the APA's judicial review provision "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Bowen v. Mass.*, 487 U.S. 879, 903 (1988). In this Circuit, the alternative remedy "need not provide relief identical to relief under the APA, so long as it offers relief of the same genre." *Garcia v. Vilsack,* 563 F.3d 519, 522 (D.C. Cir. 2009) (internal citations omitted). "[W]here a statute affords an opportunity for *de novo* district-court review" of the agency action, APA review is precluded since "Congress did not intend to permit a litigant challenging an administrative denial . . . to utilize simultaneously both [the statute's review provision] and the APA." *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health and Human Servs.,* 396 F.3d 1265, 1270 (D.C. Cir. 2005).

Therefore, "APA claims arising out of an agency's response to a FOIA request must be dismissed when they seek relief that can be obtained through a FOIA claim itself." *Elec. Privacy Info. Ctr. v. Nat'l Sec. Agency*, No. 10-0196, 2011 WL 2650206, at *7 (D.D.C. July 7, 2011); *see also Feinman v. FBI*, 713 F. Supp. 2d 70, 76 (D.D.C. 2010) ("This Court and others have uniformly declined jurisdiction over APA claims that sought remedies made available by FOIA."); *Edmonds Inst. v. U.S. Dep't of Interior,* 383 F. Supp. 2d 105, 111-12 (D.D.C. 2005) (dismissing plaintiff's APA claim that the agency failed to respond to FOIA requests within the prescribed timeline where FOIA provided an adequate remedy).

Here, the plaintiff concedes that "it is well recognized that the APA does not provide additional remedies where adequate remedies are already provided by another statute." Pl.'s Opp.'n to Defs.' Partial Mot. to Dismiss ("Pl.'s Opp'n") at 5. Nonetheless, the plaintiff contends that his claims regarding the agencies' failure to provide time estimates for the processing of his FOIA requests are entitled to review under the APA because FOIA does not provide adequate relief. *Id*. at 7. The question for the Court, therefore, is whether the plaintiff is correct or whether FOIA does provide adequate relief.

FOIA provides that "[o]n complaint, the district court of the United States in the district [where venue is proper] has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Since the plaintiff here is not only challenging the withholding of agency records but is also asserting claims regarding the agencies' failure to provide him with time estimates, the plaintiff has concluded that FOIA may not provide him with a remedy and that, therefore, he must seek review under the APA.

The defendants contend that the disclosure of records alone – a remedy which is clearly available under FOIA – would provide the plaintiff with adequate relief here because the plaintiff's "request for an estimated date of completion was prompted by his desire to receive responsive records . . . [and h]is primary objective remains the release of the documents requested from the State and Treasury Departments . . . ." Defs.' Mem. at 6-7.  The Court disagrees that disclosure of the requested records alone would provide an adequate remedy where an agency has a policy of routinely ignoring the requirement to provide time estimates as required by 5 U.S.C. § 552(a)(7)(B).  As the plaintiff points out, under the defendants' view, "agencies would be free to blithely ignore the statutory requirement that they provide estimated dates of completion, secure in the belief that no requester would ever be able to make them do it; the worst a requester could do is force them to process the request more quickly by filing suit," which is exactly what the requester can do anyway.  Pl.'s Opp'n at 7.  In effect, defendants' argument would render 5 U.S.C. § 552(a)(7)(B) optional and judicially unenforceable.  The Court concludes that an adequate remedy must include the possibility of equitable relief directing a habitually non-compliant agency to comply with § 552(a)(7)(B).

Such equitable relief is available under FOIA, however.  In *Payne Enterprises Inc. v. United States*, the D.C. Circuit held that "the FOIA imposes no limits on courts' equitable powers in enforcing its terms."  837 F.2d 486, 494 (D.C. Cir. 1988).  *Payne* held that the release of requested information under FOIA did not moot "a claim that an agency *policy or practice* will impair the party's lawful access to information in the future." *Id.* at 491.  Courts have interpreted *Payne* as authorizing declaratory or injunctive relief under FOIA even when a plaintiff's specific claim regarding a FOIA request is moot because the requested documents have been released.  *See Pub. Emps. for Envtl. Responsibility v. Dep't of Interior*, No. 06-182, 2006 WL 3422484, at *9 (D.D.C. Nov. 28, 2006) (recognizing that *Payne* authorizes such relief).

In *Payne*, Air Force Logistics Command ("AFLC") bases withheld contract bid abstracts from plaintiff Payne under certain FOIA exemptions pursuant to an internal policy letter directing them to do so. *Payne*, 837 F.2d at 488-89. Payne appealed these withholdings to the Secretary of the Air Force, who subsequently released the requested abstracts upon determining that the claimed FOIA exemptions were inapplicable. *Id.* at 489. Nevertheless, some AFLC officers continued to refuse to release bid abstracts to Payne, who then sued for declaratory and injunctive relief. *Id.* at 490. On appeal, this Circuit concluded that withholding the bid abstracts constituted an "impermissible practice" on the part of the Air Force and that, therefore, Payne's claim was not moot because such "an agency *policy or practice*" would impair his "lawful access to information in the future." *Id.* at 491.

In the instant case, the plaintiff similarly seeks declaratory and injunctive relief from the Court because State and Treasury allegedly violated FOIA by refusing to provide him with estimated dates of completion of his FOIA requests. Am. Compl., Prayer for Relief ¶ 8. While there are factual differences between this case and *Payne*, the Court finds that FOIA itself could provide the plaintiff with an equitable remedy, as described in *Payne*—assuming, of course, that the plaintiff has stated a claim for relief based on an impermissible agency pattern or practice of violating FOIA, a question which the Court analyzes below. Accordingly, since FOIA, as interpreted by *Payne*, provides the plaintiff with an opportunity for the declaratory and injunctive relief he is seeking, relief under the APA is not available.[4] *Garcia,* 563 F.3d at 522; *Feinman*, 713 F. Supp. 2d at 76.

---

[4] One arguable difference between *Payne* and the instant case is that the unlawful pattern or practice of violating FOIA enjoined in *Payne* resulted directly in the withholding of requested records, while the alleged unlawful practice of failing to provide time estimates here would not necessarily result directly in such withholding. Since the text of 5 U.S.C. § 552(a)(4)(B) directly authorizes injunctions against improper withholdings, applying *Payne* in the instant case might be viewed as expanding the scope of *Payne*-style relief. The D.C. Circuit's ruling in *Payne*, however, authorizes declaratory and injunctive relief in broad strokes. *See Payne*, 837 F.2d at 494 ("The FOIA imposes no limits on courts' equitable powers in enforcing its terms."). In addition, both here and in *Payne*, the

The plaintiff's argument for applying APA review in this case relies primarily on *Public Citizen v. Lew*, 127 F. Supp. 2d 1 (D.D.C. 2000). Admittedly, in *Public Citizen*, the court reviewed a claim under the APA alleging that several agencies' violated a provision of FOIA requiring them to provide the public with an index of their major information systems. *Id.* at 7-9. The plaintiff argues that the present case is "analogous" to the situation in *Public Citizen*. Pl.'s Opp'n at 7. *Public Citizen* is distinguishable, however, because that case directly challenged an alleged procedural violation of FOIA which was not connected to the processing of any particular FOIA record requests, whereas here, and in *Payne*, the alleged pattern of violating FOIA related specifically to the plaintiff's record requests.

Moreover, part of the rationale for applying the APA in *Public Citizen* appears inapposite here. The court in *Public Citizen* concluded that "FOIA actions outside the scope of § 552(a)(4)(B) [the FOIA section providing for judicial review of agency withholdings of records] . . . are reviewed under the standards set forth in § 706 of the APA." *Id.* at 9. This conclusion, however, rested on precedents involving this Circuit's application of the APA to "reverse FOIA" suits, in which private third-parties attempt to enjoin agencies from releasing records. *See id.* The application of the APA in reverse FOIA cases is grounded in the D.C. Circuit's conclusion that "[a]gency decisions to release information in compliance with a FOIA request are informal adjudications . . . [and] judicial review of these informal adjudications is pursuant to section 706 of the Administrative Procedure Act." *Reliance Elec. Co. v. Consumer Prod. Safety Comm'n*, 924 F.2d 274, 277 (D.C. Cir. 1991) (cited in *Public Citizen*, 127 F. Supp. 2d at 9). This rationale does not easily extend to the instant case.

---

requested declaratory and injunctive relief relate to violations of FOIA in connection with an agency's processing of specific FOIA requests, unlike the situation in other FOIA cases that have applied the APA, such as *Public Citizen v. Lew*, 127 F. Supp. 2d 1 (D.D.C. 2000), a case discussed further *infra*.

The Court acknowledges that there has been uncertainty in this district on the issue of when FOIA precludes relief under the APA. *Compare Swan View Coal. v. Dep't of Agric.,* 39 F. Supp. 2d 42 (D.D.C. 1999) (applying the "rubric" of the APA to analyze FOIA "pattern or practice" claims under *Payne*) *with Feinman*, 713 F. Supp. 2d at 76 (declining jurisdiction over APA challenge to alleged procedural FOIA violation because "the statutory and equitable remedies available . . . under FOIA would provide the same relief from the alleged policies as would the APA."). As discussed above, recent decisions of the D.C. Circuit emphasize that APA relief is foreclosed where another statutory remedy "offers relief of the same genre." *Garcia,* 563 F.3d at 522 (internal quotations omitted). The Court finds that APA relief is foreclosed here because the Court concludes that in this case—where a plaintiff challenges an alleged pattern and practice of violating procedural requirements of FOIA in connection with the processing of the plaintiff's FOIA requests—the Court has the power under FOIA and *Payne* to provide the requested declaratory and injunctive remedies.[5]

Thus, for the reasons stated above, the Court will grant the defendants' motion to dismiss the APA claims in Counts 25 and 26 of the plaintiff's Amended Complaint. The Court will now analyze whether Counts 25 and 26 have stated viable claims for relief under FOIA.

### B. The Plaintiff Has Stated A Pattern and Practice Claim Against State But Not Against Treasury.

The plaintiff contends that the failure of State and Treasury to provide him with estimated completion dates for his information requests constitutes an impermissible practice in violation

---

[5] Since the relevant paragraphs of the plaintiff's Amended Complaint allege violations of both the APA and FOIA in the alternative, this Court's determination that relief under the APA is precluded because the same relief is available under FOIA has little practical effect on the nature of the plaintiff's claims in this action. *See* Pl.'s Opp'n at 2 ("Plaintiff maintains that regardless of which statutory authority the Court prefers to invoke, the practical result is a conclusion that the policy or practice alleged in Counts 25 and 26, namely, refusing to properly provide estimated dates of completion upon request as mandated by the FOIA, is definitely capable of judicial review and censure.").

of FOIA that is "sufficiently outrageous" to warrant declaratory and injunctive relief under *Payne*. *Payne*, 837 F.2d at 494; *see also* Pl.'s Opp'n at 8-9.

In response, defendants maintain that the Amended Complaint fails to allege a viable claim for a pattern and practice of violating FOIA because it does not point to any particular regulation, guidance, or policy statement violates FOIA. Defs.' Mem. at 8-9. Thus, the defendants argue that, in raising no more than "the possibility of agency misconduct," the plaintiff's allegations fail to satisfy the pleading standards established by Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *Id.* at 9. As explained below, the Court finds that the plaintiff has stated a viable claim against State but not against Treasury.

### 1. Department of State

The Court finds that the plaintiff has stated a plausible claim for relief against State for a pattern and practice of violating FOIA. The plaintiff has alleged that on two separate dates he requested estimated completion dates from State for five separate FOIA requests. Am. Compl. ¶ 100.[6] The Amended Complaint identifies the relevant dates and the identifying numbers of the FOIA requests at issue. *Id*. The Amended Complaint further alleges that the plaintiff never received an estimated completion date in response to any of his inquiries. *Id.* This amounts to ten requests for estimated completion dates that did not receive an adequate response. Contrary to the defendants' assertions, these factually specific allegations of multiple FOIA violations are sufficiently detailed to state a pattern or practice claim. These are not the type of "naked assertions devoid of further factual enhancement" that require dismissal under *Iqbal*. *See* Defs.' Mem. at 9.

---

[6] The plaintiff's opposition memorandum actually refers to three separate dates, but the Amended Complaint only references two.

The Amended Complaint also makes clear the plaintiff's intention to challenge the agency's failure to provide these time estimates under the rubric of a pattern or practice claim. *See* Am. Compl. ¶ 104 ("if DOS' FOIA regulations, guidelines, or policy statements authorize this practice, then these regulations, guidelines, or policy statements constitute an unreasonable interpretation of the statutory obligations imposed by the FOIA."); *id.*, Prayer for Relief (requesting that the Court "[d]eclare and find that any DOS or DOT regulations, guidelines, or policy statements that authorize the refusal to provide a requester with an estimated date of completion of a FOIA request constitutes an unreasonable interpretation of the statutory obligations imposed by the FOIA."). While the plaintiff's allegations about State's guidelines or policies are phrased in conditional "if" language, that phrasing does not mean that the plaintiff has merely alleged the hypothetical possibility of an impermissible agency practice. The plaintiff's allegations on this point are supported by specific allegations of fact—the agency's failure to provide him with time estimates for multiple requests on multiple occasions. The plaintiff admits that he "is aware of no specific regulations, guidelines, or policy statements that authorize" the practice of not providing time estimates, but argues sensibly that "[v]ery rarely do requesters ever know of an agency's activities behind the scenes of a request" prior to litigation. Pl.'s Opp'n at 8-9. Moreover, a formal policy or regulation is not required to sustain a claim for relief enjoining a pattern or practice of violating FOIA. *See Payne*, 837 F.2d at 491 ("The fact that the practice at issue is informal, rather than articulated in regulations or an official statement of policy, is irrelevant to determining whether a challenge to that policy or practice is moot.").

Accordingly, based on the multiple alleged instances in which State failed to provide the plaintiff with an estimated completion date, the plaintiff has stated a viable pattern and practice claim at this preliminary stage of the litigation.

### 2. Department of the Treasury

Unlike the multiple failures to provide time estimates alleged against State, the plaintiff alleges that Treasury failed to provide him with an estimated completion date only one time in relation to a single FOIA request. Am. Compl. ¶ 106. The Court concludes that an allegation of a single FOIA violation is insufficient as a matter of law to state a claim for relief based on a policy, pattern, or practice of violating FOIA. *Cf. Pub. Emps. for Envtl. Responsibility*, 2006 WL 3422484, at *9 (denying injunctive relief because "a sole incident of delay is insufficient to convince this Court that there exists a 'reasonable expectation that the alleged violation will recur.'") (citing *Payne*, 837 F.2d at 491-92). Accordingly, the Court will dismiss Count 26 of the Amended Complaint based on Treasury's alleged violation of 5 U.S.C. § 552(a)(7)(B).[7]

## IV. CONCLUSION

For the reasons stated above, the defendants' partial motion to dismiss the Amended Complaint is granted in part and denied in part. Count 26 of the Complaint is dismissed in its entirety. Count 25 is dismissed to the extent that it raises a claim against State under the Administrative Procedure Act because an adequate alternative remedy exists under FOIA. The plaintiff's claim seeking equitable relief under FOIA based on State's alleged pattern of failing to comply with 5 U.S.C. § 552(a)(7)(B) remains viable as a legally cognizable claim.[8]

DATED: September 28, 2011                              /s/ *Beryl A. Howell*
                                                         BERYL A. HOWELL
                                                         United States District Judge

---

[7] With the dismissal of this count, the only remaining dispute in this case involving defendant Treasury relates to attorney's fees. *See* Stipulation of Dismissal, ECF No. 30, ¶ 4.

[8] On July 23, 2010, the plaintiff filed a motion for an oral hearing on the partial motion to dismiss. ECF No. 22. Pursuant to Local Civil Rule 7(f), that motion is denied. In addition, the Court notes that the plaintiff attached several declarations to his opposition to the motion to dismiss. The Court has not relied on these declarations because, in ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court ordinarily may not consider material extraneous to the pleadings. *See Dyson v. District of Columbia*, No. 10-1454, 2011 WL 3835681, at *3 (D.D.C. Aug. 31, 2011).