**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GREG MUTTITT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:10-cv-00202 (BAH) |
| UNITED STATES CENTRAL | * | |
| COMMAND, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| *   *   *   *   *   *   * | *   *   *   *   *   *   * | |

## PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION

On 4 March 2013 the Court issued an opinion granting in part and denying in part

Defendant Department of State's Motion for Summary Judgment (filed June 24, 2011).  Pursuant

to Rules 59(e), 60(a), and 60(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully

requests partial reconsideration of the Court's judgment with respect to the records withheld in

full (and Document A1) by Defendant under Freedom of Information Act ("FOIA") Exemption

(b)(1), 5 U.S.C. § 552(b)(1).

Plaintiff has good cause to request reconsideration of the Court's decision.  As set forth

in the accompanying Memorandum of Points and Authorities, Plaintiff maintains that the Court

mistakenly authorized the withholding of information which was properly segregable, and that

this constituted, if not outright clear error, then at least a simple mistake arising from oversight

or omission.  Either way, reconsideration is appropriate to prevent manifest injustice.

A Proposed Order and Memorandum of Points and Authorities accompany this Motion.

Date:   April 1, 2013

Respectfully submitted,


_  /s/ Kelly B. McClanahan_ _
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GREG MUTTITT,               \*
                                    \*
      Plaintiff,         \*
                                      \*
      v.                  \*
                                    \*     Civil Action No. 1:10-cv-00202 (BAH)
UNITED STATES CENTRAL    \*
COMMAND, *et al.*,           \*
                                    \*
      Defendants.       \*
                                    \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR PARTIAL RECONSIDERATION

On 4 March 2013 the Court issued an opinion granting in part and denying in part Defendant Department of State's Motion for Summary Judgment (filed June 24, 2011). Pursuant to Rules 59(e), 60(a), and 60(b)[1] of the Federal Rules of Civil Procedure, Plaintiff respectfully requests partial reconsideration of the Court's judgment with respect to the records withheld in full (and Document A1, which was almost fully redacted) by Defendant under Freedom of Information Act ("FOIA") Exemption (b)(1), 5 U.S.C. § 552(b)(1).

"A *Rule 59(e)* motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky v. CIA*, 355 F.3d 661,

---

[1] Even though these three Rules 59(e) and 60(b) are not absolutely interchangeable, for the purposes of this Motion the language for Rule 59(e) is most appropriate. Therefore, for simplicity's sake all arguments will be made herein as though this were simply a Rule 59(e) Motion, with the expectation that the Court may apply whichever Rule it prefers without substantively altering the outcome. For the record, Plaintiff's grounds for seeking possible Rule 60(b) relief are mistake (Fed. R. Civ. P. 60(b)(1)) and "any other reason that justifies relief" (Fed. R. Civ. P. 60(b)(6)).

671 (D.C. Cir. 2004), quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  This case meets the third criterion; there is a need to correct a clear error and prevent manifest injustice.

As the Court noted in its opinion, it based its ruling on Defendant's Exemption (b)(1) withholdings on the fact that, with very few exceptions, they were all withheld under both Sections 1.4(b) and 1.4(d) of Executive Order 13526.  *See Muttitt v. U.S. Cent. Command*, No. 10-202, 2013 U.S. Dist. LEXIS 28747, at *50-51 (Mar. 4, 2013).  Because the Court found that Plaintiff had not effectively opposed the invocations of Section 1.4(d), or, in the case of Document A1, had conceded it, the Court ruled in Defendant's favor.  *Id.*  However, because Defendant consistently failed to identify if there was any information in any of the documents withheld in full (or in the large blocks of text withheld from Document A1) which was covered by Section 1.4(b) *but not* Section 1.4(d), a blanket ruling in Defendant's favor on all of its Exemption (b)(1) withholdings is not yet justified.  Specifically, the Court should not grant summary judgment with respect to Documents L2, L3, N4A, N4B, A32, S3C, S3E, S3F, S3G, S3K, E6, E10, E13, E14, E15, E16, E17, E18, N2, E7, E11*, E12*, E15*, E4*, E13*, and A1 until Defendant has declared under oath that there is *no* information in these documents that is subject to Section 1.4(b) but not Section 1.4(d).  If Defendant cannot so testify, the Court must rule on the merits of Defendant's withholdings under Section 1.4(b) for the segregable parts before it can grant or deny summary judgment.[2]

---

[2] As an aside, not once did Defendant differentiate between the different sections of the Executive Order in those documents where both are claimed (although the Narrative *Vaughn* Index did state that Documents A3 and N1 were only withheld under Section 1.4(d)).  All of the documents released in part simply show "B1" next to the redactions, and, with the exception of the above two documents, the Narrative *Vaughn* Index is silent on the question of whether there is ever any information withheld under one section but not the other.  Plaintiff chose to limit the

While Plaintiff respectfully disagrees with the Court's finding that Plaintiff failed to sufficiently oppose the invocations of Section 1.4(d), Rule 59(e) motions "may not be used to relitigate old matters." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001). Therefore, Plaintiff is not seeking reconsideration of this finding itself. However, whether or not there exists information in these twenty-six documents which was insufficiently segregated according to different sections of the Executive Order is a different question, and Defendant has not shown that there are *not*. In fact, before filing this Motion the undersigned asked Defendant's counsel if there were any such discrepancies, and Defendant's counsel refused to either confirm or deny it, stating only that Defendant felt it had proved its case already.

For the foregoing reasons, the Court should amend or alter its judgment with respect these twenty-six documents and order Defendant to address the question of information withheld under Section 1.4(b) but not Section 1.4(d). Allowing this judgment to remain in place would constitute a manifest injustice, standing in stark contrast to "the incessant command of the court's conscience that justice be done in light of all the facts." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980), quoting *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970).

---

scope of this Motion to just these twenty-six documents out of simple efficiency, since they are most likely to contain segregable parts due to the fact that they were withheld in full or, as was the case with Document A1, included large blocks of redacted text. Plaintiff concedes that there may also be improperly segregated information in the remaining documents withheld in part under Exemption (b)(1), but he is not going to waste the Court's time asking for reconsideration of documents where only a few lines were withheld.

Date:   April 1, 2013

Respectfully submitted,


 /s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA  22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*