## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GREG MUTTITT,                                          *
                                                       *
      Plaintiff,                               *
                                                       *
      v.                                       *
                                                       *          Civil Action No. 1:10-cv-00202 (BAH)
UNITED STATES CENTRAL                                  *
COMMAND, *et al.*,                                     *
                                                       *
      Defendants.                              *
                                                       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION
## FOR PARTIAL RECONSIDERATION

On 4 March 2013 the Court issued an opinion granting in part and denying in part

Defendant Department of State's ("State") Motion for Summary Judgment (filed June 24, 2011).

Pursuant to Rules 59(e), 60(a), and 60(b) of the Federal Rules of Civil Procedure, Plaintiff

requested partial reconsideration of the Court's judgment with respect to the records withheld in

full (and Document A1, which was almost fully redacted) by State under Freedom of

Information Act ("FOIA") Exemption (b)(1), 5 U.S.C. § 552(b)(1), to correct an apparent

misunderstanding regarding the exact reasons for State's withholdings.

State weakly argues that it cannot understand Plaintiff's reasons for seeking

reconsideration (*see* Def. Dep't of State's Opp'n to Pl.'s Mot. for Part. Reconsideration, Dkt.

#56, at 5 (filed Apr. 18, 2013) [hereinafter State's Opp'n]), while simultaneously attempting to

convince the Court that these arguments (that it cannot understand) have no merit whatsoever.

State's arguments, however, rely on an unreasonable interpretation of the record before the

Court, and the Court should, at the very least, seek to confirm that the case *is* as clear cut as State

makes it out to be before reaffirming its judgment on the matter.

**I.      PLAINTIFF'S MOTION WAS NOT UNTIMELY**

First, State argues that Plaintiff's Motion is untimely because it was filed at 12:01 AM on

2 April 2013 after being due 1 April 2013.[1]   Plaintiff admits that the Electronic Case Filing

("ECF") system docketed his Motion at 12:01 AM, but posits that that was not the time that the

filing began.   It is physically impossible to file even the simplest document in the ECF system in

one minute, which means that the filing had to have been started on 1 April 2013.   An

appropriate metaphor would be if the Plaintiff had walked into the Clerk's Office to file the

document at 11:59 PM,[2] the Clerk had gone through the usual routine of accepting and stamping

the document, and finally at 12:01 AM the Clerk had hit the final button "docketing" the item.   It

would be unreasonable to consider the document untimely when the party was in the process of

filing it when the day changed.[3]

This position is not without precedent in this Circuit.   "[T]he electronic case filing

system is . . . a substitute for the clerk of the court.   As the Seventh Circuit observed, noting Rule

5(e)'s requirement, now located in Rule 5(d)(4), that clerks accept documents tendered for filing,

---

[1] A finding that Plaintiff's Motion was untimely means that the Court must consider it under
Rules 60(a) and 60(b) and not under Rule 59(e).  However, since Plaintiff's Motion meets the
requirements of all three rules, this is a moot distinction.

[2] For the purposes of this metaphor we must consider the Clerk's Office to be a 24-hour
establishment.

[3] Another looser analogy would be to the actual practice of the Clerk's Office with respect to
filers who arrive close to the end of the business day.  If 4:00 PM arrives and there are still
people in line, the Clerk's Office closes the doors and does not allow anyone new to enter, but it
does not send away the people who were already there simply because they had not reached the
counter yet.

'[t]he software that operates an e-filing system acts for 'the clerk' as far as Rule 5 is concerned; a step forbidden by a person standing at a counter is equally forbidden to an automated agent that acts on the court's behalf.'"   *Royall v. Nat'l Ass'n of Letter Carriers*, 548 F.3d 137, 142-43 (D.C. Cir. 2008), quoting *Farzana K. v. Ind. Dep't of Educ.*, 473 F.3d 703, 707 (7th Cir. 2007).  By the same logic, if a clerk standing behind a counter would have known that the filing party got there in time and could have accordingly back-dated the filing, but an automated system cannot, that is a problem with the system, not with the filer.  "[T]he fact remains that the [filing] was tendered to the clerk's office on [time], and the computer's reaction does more to show the limits of some programmer's imagination than to render the [filing] untimely.  Had a paper copy of the [filing] been handed over the counter on [time], a deputy clerk would have [corrected the discrepancy] and filed the document; there is no reason to throw this [filing] out of court just because the e-filing system did not know how to take an equivalent step."  *Farzana K.*, 473 F.3d at 707.

Before ending this discussion, it is important to note that the government is asking the court to read briefs and issue a formal ruling regarding a *one-minute delay in the middle of the night*.  While Plaintiff accepts responsibility for not completing the filing of his Motion by midnight, this sort of argument is a waste of the Court's time.[4]  *De minimis non curat lex.*

## II.   PLAINTIFF'S MOTION SATISFIES RULE 59(E)

State rests its argument that Plaintiff failed to meet the Rule 59(e) standard on the misleading statement, "Plaintiff never asked the Court in the summary judgment briefings to require Defendant to parse in its *Vaughn* index where within the exempted documents the

---

[4] Furthermore, the Court has since granted Plaintiff's *nunc pro tunc* motion for a one-minute extension to file his Motion.  (Min. Order (filed Apr. 22, 2013).)  In fairness to State, that extension request had not been made or granted when it drafted its Opposition, but it does now render State's argument moot.

classification was made pursuant to Sections 1.4(b), and where pursuant to 1.4(d) of Executive

Order 13,526." (State's Opp'n at 5.) Perhaps recognizing the weakness of this argument, State

adds, "Since the Court found the documents exempt under one provision of Executive Order

13,526, that is, Section 1.4(d), it did not need to decide Section 1.4(b) in its summary judgment

rulings." (*Id.* at 6.) Plaintiff will address these two arguments in reverse order.

### A.     The Court's Finding Is Not Supported by the Record

First, State, without meaning to, has perfectly identified the problem which needs

clarification. The Court *did* find the documents exempt under Section 1.4(d). However, it did

so without realizing that State had not actually *said* that the documents were exempt *in their*

*entirety* under that Section. If there is a part of a document which is considered by State to be

exempt *solely* under Section 1.4(b), while the remainder of the document is considered to be

exempt under both Sections, it is a truthful statement to say, "Classified CONFIDENTIAL

under E.O. 13256, Sections 1.4(b) and (d)." (Walter Decl., Dkt. #34-3, ¶ 74.) However, the

Court would be mistaken to then consider the *entire* document exempt under Section 1.4(d).

This is a situation which should not require formal action by the Court. On 4 March

2013, the undersigned wrote State's counsel:

> For all of the information for which 1.4(b) and 1.4(d) were both cited, is there any
> information which was withheld under 1.4(b) but not 1.4(d)?
>
> For instance, Doc. L2 was withheld in full claiming both sections, but it is
> unknown if there are *parts* of that document that were only subject to one or the
> other.
>
> This is relevant because, if there is *any* information being withheld under 1.4(b)
> and not 1.4(d), then the Court misunderstood my argument and should not have
> blanketly granted SJ for all of the *records* in which State invoked 1.4(d); it should
> only have granted SJ for all of the *parts of records* covered by 1.4(d). However,
> if you tell me that there is not a single *line* (as opposed to document) where 1.4(b)

4

> was claimed and 1.4(d) was not, then there is no need to bother the Court with this, since any distinction would be moot.

(Email from McClanahan to Sealls of 3/4/13, attached as Ex. A.)  State refused to answer this simple question, requiring the filing of this Motion, with full knowledge that if it had *not* withheld any such information, Plaintiff would not have filed it.  *Accord Nat'l Sec. Counselors v. CIA*, 849 F. Supp. 2d 6, 13 (D.D.C. 2012) (refusing to grant summary judgment until agency clarified ambiguous statement in its declaration because, "If [no records were ever created as the agency's brief argued], the affidavit can easily be clarified to state as much").  By the same token, all State needs to do in this case to defeat this Motion is declare that it did not withhold any information under Section 1.4(b) alone.  The fact that it has chosen to brief a motion about whether or not it has to do so instead of just doing so speaks volumes.

### B.    This Argument Was Implicit in Plaintiff's Briefs

Second, the argument that Plaintiff never raised this issue during the summary judgment briefing is based on an unreasonably narrow reading of Plaintiff's briefs.

As an initial matter, it is important to note that it is not *Plaintiff's* burden to prove that material is exempt from disclosure, it is *State's*.  *Judicial Watch, Inc. v. Dep't of the Treasury*, 796 F. Supp. 2d 13, 23 (D.D.C. 2011), quoting *Assassination Archives & Research Ctr. v. CIA*, 334 F.3d 55, 57 (D.C. Cir. 2003).  According to FOIA, information is releasable unless the government proves that it is exempt.  If State does not demonstrate that every piece of information withheld fits within an exemption, then the Court cannot authorize the withholding of that information.  The Court lacks the authority to order the withholding of information under an exemption which was not claimed by the agency.  If an agency claims that a record is exempt only under Exemption (b)(1), the Court cannot find *sua sponte* that it is exempt under

Exemption (b)(5).  Similarly, if an agency claims that a sentence inside a record is exempt only under Exemption (b)(1), citing Section 1.4(b) of Executive Order 13526, the Court cannot find *sua sponte* that it is exempt under Exemption (b)(1), citing Section 1.4(d).  That is exactly what appears to have happened here; the Court appears to have mistakenly thought that State stated that *all* information withheld under Section 1.4(b) was also withheld under Section 1.4(d), when in fact it did *not*, and as a result it held that information for which State was *not* actually claiming Section 1.4(d) protection was exempt pursuant to that Section.

All that being said, this argument was implicit in Plaintiff's briefs on summary judgment, and Plaintiff apologizes to the Court for not making it more explicit.  However, a reading of Plaintiff's briefs which does not include this implicit argument renders much of his discussion of Exemption (b)(1) superfluous and nonsensical.  Why would any plaintiff spend so much time dissecting the government's arguments regarding Section 1.4(b) and then agree to some of the Section 1.4(d) withholdings, if he did not think that there was information which would fall under one but not the other?  In one instance, he even explicitly stated that he was not challenging the invocation of § 1.4(d) in a document, even though he *was* challenging the invocation of § 1.4(b)—an oddity the Court remarked on in its Opinion.  *Muttitt v. Dep't of State*, 2013 U.S. Dist. LEXIS 28747, at *50-51 (D.D.C. Mar. 4, 2013).  This statement makes no sense whatsoever unless one accepts that Plaintiff believed, as he did, that there were portions of that document which were claimed to be exempt under Section 1.4(b) but not 1.4(d).

Plaintiff apologizes for the confusion caused by his failure to explicitly state his suspicions that there were portions of documents withheld in full which were considered subject to one Section but not another, but he reasonably expected that such an understanding was implicit in his argument, especially given the amount of space he devoted to how general,

conclusory, and devoid of particularized information State's declaration was.  However, his failure to "spell out" this segregability argument should be considered excusable neglect, and the Court should find that it cannot satisfy the requirement that it conduct a full segregability analysis until it determines if there exists any such information for which State has claimed Section 1.4(b) but not 1.4(d).

### III.    PLAINTIFF'S MOTION SATISFIES RULES 60(A) AND 60(B)

#### A.    Rule 60(a)

Rule 60(a) allows for the amendment of a judgment to "correct a . . . mistake arising from oversight or omission." Fed. R. Civ. P. 60(a).  Plaintiff believes that the Court's finding that State had claimed both Sections 1.4(b) and 1.4(d) for *all* the information alleged to be protected by Section 1.4(b) was based on an honest—but mistaken—oversight, as was the Court's misreading of his concessions regarding Section 1.4(d).  Plaintiff accepts blame for this misreading and concedes that he could have made the argument more explicitly, but the fact remains that an honest mistake is a mistake nonetheless.

Contrary to State's argument, Plaintiff is not "asking the Court to order Defendant to parse through the Exemption (b)(1) bases for Defendant's withholdings made pursuant to Executive Order 13,526." (State's Opp'n at 3.)  Plaintiff presumes that State did this parsing when it first declared that this information was exempt; to do otherwise would be to misrepresent to the Court that "[t]he Department reviewed each and every document on a line-by-line basis." (Walter Decl. ¶ 206.)  Plaintiff merely asks the Court to order Defendant to

provide it with the *particulars* of the line-by-line analysis it said it performed.[5]   The Court will

then be in a position to determine if its original ruling was a mistake or not and act accordingly.

### B.      Rule 60(b)

As shown above, while Plaintiff admits that his briefs may have been less clear than they

could have been, such a failure falls easily within the definition of "mistake, inadvertence, . . . or

excusable neglect."  Fed. R. Civ. P. 60(b)(1).  As to State's argument that this case does not

present "extraordinary circumstances," there are two reasons to find that it does.

First, as discussed above, the Court simply cannot find that something is exempt under an

exemption not claimed by an agency.  If the Court cannot make such a finding intentionally, it is

similarly forbidden from making such a finding by mistake.  The "extraordinary circumstance"

in this case is the fact that this mistake, regardless of why it was made or how reasonable it was,

would result in the Court finding that information is exempt which FOIA dictates must be

released.

Second, Plaintiff believes that State's own recalcitrance in this matter qualifies as an

"extraordinary circumstance."  This is a case in which all the agency needed to do to avoid this

Motion was answer a simple question about an ambiguity in its declaration.  Had State simply

answered, "No, we did not withhold any information solely under Section 1.4(b)," Plaintiff

would not have further pursued the matter.  The fact that it refused to do so supports an inference

---

[5] Plaintiff will admit to a reasonable amount of apprehension regarding the possible implication that State would have to parse its withholdings *now* because it did not do so originally.  In light of this new argument, Plaintiff respectfully asks the Court to also order Ms. Walter to declare under penalty of perjury that the "parsing" was done before her declaration was written.  If she cannot do so, the Court should consider requiring State to explain how her declaration did not constitute a misrepresentation to the Court.

that Plaintiff's hypothesis is correct, which should weigh in support of the argument that he "has

a meritorious claim," *Brown v. Samper*, 247 F.R.D. 188, 193 (D.D.C. 2008).

       Furthermore, both of these factors, taken together with all of the other arguments made

above, constitute a more compelling reason that justifies relief under Rule 60(b)(6) than simple

dissatisfaction with the judgment.  Justice must be done "in light of all the facts."  *Good Luck*

*Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).  As it stands now, the Court

lacks one critical fact, and without it, its finding is not justified.  If State can prove that every

Section 1.4(b) withholding was also made under Section 1.4(d), then the Court's decision—no

matter how much Plaintiff may disagree with it—should still stand.  However, if State cannot so

prove, then the Court must rule on the merits of those withholdings made solely under Section

1.4(b) before its ruling can truly be said to have been made "in light of all the facts."

Date:   April 27, 2013

                      Respectfully submitted,

                        /s/ Kelly B. McClanahan
                      Kelly B. McClanahan, Esq.
                      D.C. Bar #984704
                      National Security Counselors
                      1200 South Courthouse Road
                      Suite 124
                      Arlington, VA  22204
                      301-728-5908
                      240-681-2189 fax
                      Kel@NationalSecurityLaw.org

                      *Counsel for Plaintiff*